**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stephen J. DINNEEN and Joseph Ryan Missett, Defendants-Appellants.**

**No. 27394.**

United States Court of Appeals Fifth Circuit.

Feb. 2, 1970.

Rehearing Denied April 24, 1970.

Emile A. Carmouche, Crowley, La., for Missett.

Donald E. Walter, U. S. Atty., E. V. Boagni, Asst. U. S. Atty., Shreveport, La., Marvin R. Loewy, Atty., Criminal Div., Dept. of Justice, Washington, D. C., Arthur F. Mathews, Howard S. Jacobs, Attys. United States Securities and Exchange Commission, Washington, D. C., of counsel, for appellee.

Before GEWIN, COLEMAN, and DYER, Circuit Judges.

PER CURIAM:

Stephen J. Dinneen and Joseph Ryan Missett were convicted on three counts of wilfully using the mails to defraud in the sale of securities, three counts of using the mails in furtherance of a scheme to defraud, and one conspiracy count [15 U.S.C. § 77q(a); 18 U.S.C. § 1341; 18 U.S.C. § 371]. The essence of the offenses charged was that the appellants engaged with one Sanders in a scheme to defraud investors in the offer and sale of the certificates of a "suit case" bank in the Bahamas. Missett has died since conviction, as to which this Court has entered the appropriate order in abatement. As to Dinneen the convictions are clearly due to be affirmed.

The sufficiency of the evidence is not in dispute.

The appeal consists of an attack on the indictment (that it was vague and did

not adequately inform the defendants of the charge against them); that the indictment was duplicitous; that the conspiracy count should have been stricken; that a motion for a bill of particulars should not have been denied; that a prior indictment should not have been superseded; that the prosecutor was guilty of an improper summation; that certain instructions should not have been given; and that the sentence was improper.

This tabulation reflects that counsel for the accused sought at every opportunity to probe or to develop a chink in the prosecutorial armor. For this he is to be commended; that was clearly his duty. It also presents this Court with an opportunity to write at length on numerous principles of criminal law already well settled. The grounds involved in this appeal have repeatedly been mapped and remapped, to the point of exhaustion. We, therefore, restrain the urge to participate in a needless duplication. We perceive no errors in the proceedings below and the case has now reached the terminal.

Affirmed.